# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH, | CASE NO: 1:12-cv-00014-LJO-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | Doc. 8 |
| J. BROWN, et al., | |
| Defendants. | |
| _____/ | |

**I.     Procedural History**

Plaintiff Isabel Tubach ("Plaintiff"), is a state prisoner proceeding pro se. On December 16, 2011, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, and motioned to proceed in forma pauperis ("IFP"). Doc. 1; Doc. 2. On January 6, 2012, the Court found that Plaintiff had three or more actions that counted as strikes pursuant to 28 U.S.C. § 1915(g)[1], determined that Plaintiff could not state an imminent danger claim for past harm that was not ongoing and could not state imminent danger for duplicate claims that are currently pending in other actions. Doc. 7.

///

///

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

1

## II.  Plaintiff's Motion for Reconsideration

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" *Corex Corp. v. United States*, 638 F.2d 119 (9th Cir. 1981); *accord LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" *Id*. When filing a motion for reconsideration, Local Rule 230(j)(3) & (4) requires a party to show the "new or different facts or circumstances are claimed to exist which did not exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion."

In her motion for reconsideration, Plaintiff presents new claims of events that have occurred after the action was dismissed. Doc. 8. Plaintiff fails to demonstrate that she suffered from imminent danger at the time of the complaint, and cannot now amend her complaint to add new acts which occurred after the action has been dismissed. Plaintiff simply fails to present any basis to justify reconsideration of this Court's order denying Plaintiff's motion for IFP and dismissing the action without prejudice.

///

///

2

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds its order denying Plaintiff's motion for IFP and dismissing the action was supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed February 27, 2012 (Doc. 8), is DENIED; and

2. No further motions will be accepted in this action.

IT IS SO ORDERED.

Dated:    May 24, 2012                        /s/ Lawrence J. O'Neill
                                                   UNITED STATES DISTRICT JUDGE